OPINION
On May 19, 1997, a criminal complaint was filed against appellant, Edward Rohrer, IV, charging him with domestic violence in violation of R.C. 2919.25. Said charge arose from an incident on May 17, 1997 involving appellant's wife, Sandra Rohrer.
A bench trial commenced on August 13, 1997. Mrs. Rohrer did not testify at the trial due to her absence from the state and was declared an unavailable witness. The trial court found appellant guilty as charged. By judgment entry filed August 28, 1997, the trial court sentenced appellant to one hundred eighty days in jail, one hundred sixty-seven days suspended, and imposed a one hundred fifty dollar fine plus court costs.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING THE ALLEGED EXCITED UTTERANCES.
II
 THE PROSECUTION'S EVIDENCE IN THIS CASE, IF TAKEN AT FACE VALUE, ESTABLISHED NOTHING MORE THAN THE CRIME OF DISORDERLY CONDUCT.
 I
Appellant claims the trial court erred in admitting Mrs. Rohrer's statements made to the police and medical personnel, and her child's statement to a next door neighbor. We disagree.
The admission or exclusion of evidence rests with the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Evid.R. 803 governs exceptions to the hearsay rule. Subsection (2) permits the admission of excited utterances defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." In order to qualify as an excited utterance "consideration must be given to (a) the lapse of time between the event and the declaration, (b) the mental and physical condition of the declarant, (c) the nature of the statement and (d) the influence of intervening circumstances." Weissenberger, Ohio Evidence 1997 Courtroom Manual (1996) 353.
Subsection (4) of Evid.R. 803 permits the admission of statements made for purposes of medical diagnosis or treatment defined as "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."
 STATEMENTS TO POLICE AND MEDICAL PERSONNEL
Fairfield County Sheriff's Deputy Roger Haley testified Mrs. Rohrer made statements to him shortly after he arrived on the scene (T. at 14); Mrs. Rohrer had fresh abrasions on her face (T. at 20); Mrs. Rohrer's lip was still bleeding (T. at 10); and she was upset and shaken. T. at 10, 57. Mrs. Rohrer told Deputy Haley appellant had hit her with a chair and his fists. T. at 15. Deputy Haley observed a broken chair at the residence. T. at 15.
Appellant argues because there was evidence Mrs. Rohrer was intoxicated at the scene, any testimony as to her shaken and upset state should have been excluded. Although intoxication was a fact the trial court was required to consider in determining if there was a true excited utterance, we find a confused intoxicated state might be further evidence of spontaneity as opposed to the lack of it. Given the above cited testimony, we find Mrs. Rohrer's statement to qualify under Evid.R. 803(2).
Physician assistant James Yont testified he did the initial workup and history of appellant upon her arrival at the Fairfield Medical Center Emergency Room. T. at 45. The history was taken to establish a course of treatment. T. at 48. Mrs. Rohrer had arrived at around 10:00 p.m.[1] T. at 33. Mrs. Rohrer told Mr. Yont her husband had beat her. T. at 49. Treating physician Thomas Darnell, M.D. testified appellant had been drinking and was uncooperative. T. at 34, 42. Although removed some two hours in time from the incident, we find given the nature of Mrs. Rohrer's uncooperative attitude, her statement qualifies under Evid.R. 803(4) and has an indicia of trustworthiness.
 CHILD'S STATEMENT
Mrs. Rohrer's next door neighbor, Christina Smith, testified Mrs. Rohrer's child came to her home and stated "Mommy needs help. Daddy's on top of Mommy beating her up and something's wrong." T. at 70. Ms. Smith immediately went to Mrs. Rohrer's house and found Mrs. Rohrer crying and nervous in a ditch "in a gown that was tore up and bloody." T. at 70-71. Mrs. Rohrer told Ms. Smith appellant had beat her and she had told her child to run for help. T. at 72. We find the child's statement and Mrs. Rohrer's statement to Ms. Smith to qualify under Evid.R. 803(2).
Assignment of Error I is denied.
 II
Appellant claims his conviction was against the manifest weight of the evidence because the state only proved disorderly conduct. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Three deputies heard Mrs. Rohrer in distress and identify appellant as having beat her with his fists and a chair. T. at 15, 56, 65. The physical evidence of a broken chair and Mrs. Rohrer's blood stained gown coupled with fresh abrasions and dripping blood on Mrs. Rohrer was sufficient evidence to substantiate the claim. Further, the child's statement "Daddy's on top of Mommy beating her up" also supports the trial court's finding of guilty. No other version or explanation of the evening's events was given to contradict the physical evidence and Mrs. Rohrer's statements.
Upon review, we find sufficient credible evidence to support appellant's conviction and no manifest miscarriage of justice.
Assignment of Error II is denied.
The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Lancaster Municipal Court of Fairfield County, Ohio is affirmed.
[1] The incident had transpired around 7:30/8:00 P.M. T. at 72.